ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CAMERON L. SCHROEDER (SBN 255016)
Assistant United States Attorneys
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0596
     Facsimile: (213) 894-0142
     email: cameron.schroeder@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

E-FILED: 12/28/10

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-602-GHK |
| Plaintiff, | [proposed] FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT AND ORDER REGARDING STATUS CONFERENCE |
| v. | |
| VICTOR MANUEL HURTADO, III, et al., | **NEW STATUS CONFERENCE DATE: 1/18/2011 9:30 A.M.** |
| Defendants. | |

Having heard from plaintiff, the United States of America, by and through its counsel of record, Assistant United States Attorney Cameron L. Schroeder, and defendants VICTOR MANUEL HURTADO, III, MICHAEL ANGEL MONSIVAIS, DAVID LYLE DARNALL, FREDRICK MALGRA GARCIA, JR., LORENA AGUIRRE, CRYSTINE MINCHAU RAMIREZ, and ANTHONY JESUS RAMIREZ (collectively, "defendants"), both individually and by and through their counsel of record, at status conferences held before this Court on December 14, 2010

and December 20, 2010, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was filed on June 9, 2010, and made public on June 16, 2010. Defendants HURTADO, MONSIVAIS, DARNALL, GARCIA, and AGUIRRE first appeared before a judicial officer of the court in which charges in this case were pending on June 16, 2010. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to these defendants on or before August 24, 2010. Defendants CRYSTINE RAMIREZ and ANTHONY RAMIREZ first appeared before a judicial officer of the court in which charges in this case were pending on June 22, 2010. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to these defendants on or before August 30, 2010.

2. On June 16, 2010, the Court set a trial date of July 27, 2010, and a status conference date of July 12, 2010 at 3:30 p.m. as to defendants HURTADO, MONSIVAIS, DARNALL, GARCIA, and AGUIRRE. On June 28, 2010, the Court set a trial date of August 3, 2010, and a status conference date of July 12, 2010 at 3:30 p.m. as to defendants CRYSTINE RAMIREZ and ANTHONY RAMIREZ. On July 8, 2010, the status conference was continued as to all defendants to July 19, 2010 at 10:00 a.m. On July 19, 2010, the Court held a status conference with all parties who have appeared. After inquiring regarding the status of the case, the Court vacated the trial date and set a new status conference date of August 30, 2010. The Court found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On August 31, 2010,

this Court held a second status conference in this case. After inquiring regarding the status of the case, the Court set a new status conference date of October 19, 2010. The Court found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On October 19, 2010, this Court held a third status conference in this case. After inquiring regarding the status of the case, the Court set a new status conference date of November 30, 2010. The Court found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On its own motion, the Court thereafter moved the status conference date from November 30, 2010 to December 14, 2010.

    3.    Defendants HURTADO, MONSIVAIS, DARNALL, and GARCIA are detained pending trial; defendants AGUIRRE, CRYSTINE RAMIREZ and ANTHONY RAMIREZ were granted bond pending trial. The parties estimate that the trial in this matter will last approximately 8 to 10 days. All defendants are joined for trial and a severance has not been granted.

    4.    Defendants are charged with violations of 21 U.S.C. §§ 841(a)(1), 846, 18 U.S.C. § 922(g), and 18 U.S.C. § 924(c). The government has produced and/or made available discovery to the defense, including wiretap pleadings, hundreds of recordings of telephone conversations and controlled narcotics transactions, and approximately two thousand of pages of and FBI, local police, and other agency reports.

    5.    On December 14, 2010, this Court held a fourth status conference in this case. Defendants appeared in person with

counsel of record or substitute counsel, with the exception of defendants AGUIRRE, CRYSTINE RAMIREZ and ANTHONY RAMIREZ, who have filed waivers pursuant to Fed. R. Crim. P. 43.  Upon request of defendants through counsel, the Court set a new status conference date of January 18, 2011, at 9:30 a.m. as to defendants HURTADO, MONSIVAIS, GARCIA, AGUIRRE, CRYSTINE RAMIREZ and ANTHONY RAMIREZ.  Each of these defendants knowingly and voluntarily waived his or her rights under the Speedy Trial Act and indicated on the record that he or she did not object to the continuance.  On December 20, 2010, this Court held a further status conference with respect to defendant DARNALL.  Defendant appeared in person with his counsel of record.  The Court set a new status date as to defendant DARNALL of January 18, 2011 at 9:30 a.m.  Defendant DARNALL knowingly and voluntarily waived his rights under the Speedy Trial Act and indicated on the record that he did not object to the continuance.  This Order supplements the findings and orders made by the Court at these conferences.

    6.   Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

    7.   Counsel for defendants require additional time to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the

discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

8. Each defendant's counsel has conferred with his or her client regarding each defendant's rights under the Speedy Trial Act. In addition, the Court inquired of each present defendant in open court regarding his/her Speedy Trial Act rights. Each defendant stated that he/she understands his/her rights under the Speedy Trial Act and that he/she knowingly and voluntarily waives those rights and agrees to the schedule included in this Order.

9. The government does not object to the continuance.

10. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

11. The ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial.

12. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

13. Failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a further continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. A new status conference is set for January 18, 2011 at 9:30 a.m.

2. The time period of November 30, 2010 to January 18, 2011, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

3. All defendants not in custody and without Rule 43 waivers on file with the Court shall appear in Courtroom 650 of the Federal Courthouse, 255 E. Temple Street, Los Angeles, California on January 18, 2011 at 9:30 a.m.

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_12/28/10_  
DATE

THE HONORABLE GEORGE H. KING  
UNITED STATES DISTRICT JUDGE

Presented by:  
/s/  
CAMERON L. SCHROEDER  
Assistant United States Attorney